UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| In re: | Case No. 18-70097-BHL-7 |
| DERRICK TAYLOR, | Chapter 7 |
| Debtor. | |
| STATE OF WISCONSIN, DEPARTMENT OF WORKFORCE DEVELOPMENT, | |
| Plaintiff, | Adversary No. 18-57002-BHL-7 |
| v. | |
| DERRICK TAYLOR, | |
| Defendant. | |

**AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

1. This Court has jurisdiction of the subject matter of this complaint as a core proceeding under 28 USC §§ 1334(a) & (b) and 157(b)(2)(I) and 11 USC § 523(a)(2)(A).

2. This complaint to determine the dischargeability of a debt is an adversary proceeding under Bankruptcy Rule 7001(6).

3. Under Bankruptcy Rule 7008(a), the plaintiff consents to the entry of final orders and a judgment by the Bankruptcy Court.

4. On February 8, 2018, the defendant filed a petition for relief under Chapter 7 of the Bankruptcy Code under case no. 18-70097-BHL-7.

5. Under Bankruptcy Rule 4007(c), the deadline to file a complaint under 11 USC § 523(c) in this case is May 15, 2018.

6. The plaintiff is an executive agency of the government of the State of Wisconsin charged with, among other things, the administration and enforcement of the Wisconsin Unemployment Insurance Law (Wis. Stat. Ch. 108).

7. The defendant filed a weekly unemployment insurance benefit claim with the plaintiff for weeks 45 of 2008 (week ending November 8, 2008) through 47 of 2008 (week

ending November 22, 2008), 49 of 2008 (week ending December 6, 2008) through 52 of 2008 (week ending December 27, 2008), and 2 of 2009 (week ending January 10, 2009) through 6 of 2009 (week ending February 7, 2009).

8. In connection with the defendant's unemployment insurance benefit claims, the defendant made false statements to the plaintiff.

9. As part of the weekly unemployment benefit claim for week 6 of 2009, the defendant certified that the defendant had not quit a job.

10. The defendant quit from Aerotek Inc. during week 6 of 2009.

11. As part of the weekly unemployment benefit claims for weeks 45 of 2008 through 47 of 2008, 49 of 2008 through 52 of 2008, and 2 of 2009 through 6 of 2009, the defendant certified that the defendant had not worked in each of those weeks.

12. The defendant worked for Aerotek Inc. during each of weeks 45 of 2008 through 47 of 2008, 49 of 2008 through 52 of 2008, and 2 of 2009 through 6 of 2009.

13. The defendant either knew the certifications for weeks 45 of 2008 through 47 of 2008, 49 of 2008 through 52 of 2008, and 2 of 2009 through 6 of 2009 were false or defendant made the certifications with a reckless disregard for the truth.

14. The defendant intentionally failed to report work and quitting on the unemployment insurance benefit claims for weeks 45 of 2008 through 47 of 2008, 49 of 2008 through 52 of 2008, and 2 of 2009 through 6 of 2009 to induce the plaintiff to pay unemployment insurance benefits and Federal Additional Compensation ("FAC") benefits to the defendant.

15. The plaintiff paid unemployment insurance benefits and FAC benefits to the defendant that the defendant was not legally entitled to receive for week 6 of 2009 and for

subsequent weeks because the defendant failed to properly report quitting on the unemployment insurance benefit claim for week 6 of 2009.

16. The plaintiff paid unemployment insurance benefits to the defendant that the defendant was not legally entitled to receive for weeks 45 of 2008 through 47 of 2008, 49 of 2008 through 52 of 2008, and 2 of 2009 through 6 of 2009 because the defendant failed to properly report working on the unemployment insurance benefit claim for those weeks.

17. In reliance on the defendant's false statements, the plaintiff erroneously determined the defendant to be eligible for unemployment insurance benefits and FAC benefits, and erroneously paid to the defendant, or credited the defendant for, unemployment insurance benefits and FAC benefits to which the defendant was not entitled, in the amount of $11,398.00.

18. The defendant's actions resulted in the defendant obtaining money or property from the plaintiff by false pretenses, a false representation, or actual fraud.

19. The defendant has repaid or been credited with repaying $1,722.00 of the overpayment.

20. The plaintiff has incurred $122.13 in pre-petition collection costs.

21. Under Wis. Stat. § 108.22(11)(a), the plaintiff may recover the costs of this action from the defendant.

22. The administrative determination that the plaintiff overpaid unemployment insurance benefits to the defendant because the defendant failed to properly report quitting is attached as Exhibit A.

23. The administrative determination that the defendant concealed quitting on the unemployment benefit claim is attached as Exhibit B.

24. The notice of FAC overpayment is attached as Exhibit C.

25. The un-appealed appeal tribunal decision affirming the administrative determination that the plaintiff overpaid unemployment insurance benefits to the defendant as a result of the defendant's failure to report quitting a job is attached as <u>Exhibit D</u>.

26. The un-appealed appeal tribunal decision dismissing the defendant's late appeal of the administrative determination that the defendant concealed quitting on the unemployment benefit claim is attached as <u>Exhibit E</u>.

27. The un-appealed administrative determination that the plaintiff overpaid unemployment insurance benefits to the defendant because the defendant failed to properly report working on his benefit claims is attached as <u>Exhibit F</u>.

28. The administrative determination that the defendant concealed work on the unemployment benefit claims is attached as <u>Exhibit G</u>.

29. The debt owed by the defendant to the plaintiff for the $9,676.00 unpaid balance of erroneously paid unemployment benefits and FAC benefits, $122.13 in pre-petition collection costs, plus the $350.00 filing fee in this proceeding and the $100.00 *pro hac vice* fee, for a total of $10,248.13, is not dischargeable under 11 USC § 523(a)(2)(A).

WHEREFORE, the plaintiff respectfully requests that the Court determine that the debt owed by the defendant to the plaintiff is not dischargeable under the Bankruptcy Code and render judgment in favor of the plaintiff against the defendant in the amount of $9,798.13, plus costs of $450.00, for a total of $10,248.13.

Dated: Madison, Wisconsin
May 18, 2018

STATE OF WISCONSIN,
DEPARTMENT OF WORKFORCE DEVELOPMENT

/s/ Andrew J. Rubsam
Andrew J. Rubsam, Esq. (WI State Bar No. 1079600)
201 E Washington Ave, PO Box 8942
Madison, WI 53708
608-261-9440
andrew.rubsam@dwd.wi.gov